Stewart, J.,
concurring. I concur in the judgment for the reason that, in my opinion, the Court of Common Pleas of Brown County was without any jurisdiction to entertain this election contest.
In Section 3515.08, Revised Code, it is provided that, as to an issue to be determined by the voters of a district larger than a county, an election contest shall be heard and determined “by the Chief Justice of the Supreme Court or a Justice of the Supreme Court assigned for that purpose by the Chief Justice.”
The only sensible meaning that can be given to the expression, “of a district larger than a county,” is “of a district that comprises territory in two or more counties.”
Since the issue to be determined by the voters in the present case involved a district, a portion of which is in Highland County and a portion of which is in Brown County, the district is larger than a county as contemplated by the statute. Therefore, only the Chief Justice of the Supreme Court or a “Justice” thereof assigned for that purpose by the Chief Justice has jurisdiction to hear and determine the contest.
Since, under the Constitution of Ohio, the members of the Supreme Court, aside from the Chief Justice, are designated “Judges,” technically there is no Justice of the Supreme Court, and, therefore, either the Chief Justice has exclusive jurisdiction to hear an election contest as to an issue to be determined by the voters of a district which extends into two counties or more, or the term, Justice of the Supreme Court, would have to be interpreted as meaning a Judge thereof.